Filed 1/21/25  P. v. Cervantes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C101210 |
| Plaintiff and Respondent, | (Super. Ct. No. 23F-04585, CRF21-0004416) |
| v. | |
| JOSEPH ROBERT CERVANTES, | |
| Defendant and Appellant. | |

After defendant Joseph Robert Cervantes pled no contest to felony offenses in two separate cases, the trial court suspended imposition of sentence and placed defendant on probation for two years.  Within a year, defendant admitted a probation violation and the trial court sentenced him to three years eight months in county jail.  Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant.  Finding none, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2021, a police officer on patrol saw defendant breaking into a hotel room that he was not registered to be in. In 2022, during the search of the home of a person on postrelease community supervision, a police officer found defendant in a bedroom with methamphetamine and fentanyl. Defendant pled no contest to second degree burglary and possession of fentanyl for sale. Although he was presumptively ineligible for probation, the trial court found the presumption had been overcome. The trial court suspended imposition of sentence, placed defendant on probation for two years, and ordered him to serve 180 days with credit for time served.

Within a month of being admitted to probation, defendant failed to attend a scheduled meeting. Over the next few months, defendant tested positive for methamphetamine and fentanyl, failed to report for drug tests, failed to attend substance abuse assessment and treatment, and repeatedly failed to report to probation.

Seven months after the trial court granted defendant probation, the probation officer filed a petition to revoke probation in each case, alleging defendant was found in possession of methamphetamine. Defendant admitted the possession allegations. The trial court revoked probation and sentenced defendant to county jail for the midterm of three years in the possession for sale case and a consecutive eight months in the burglary case. The trial court granted defendant 284 days of credit for time served, imposed the previously stayed probation revocation fines, and imposed and stayed a $300 parole revocation fine as to each case.

Defendant appeals.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the

2

date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we affirm.

DISPOSITION

The judgment is affirmed.




/s/ _____
ROBIE, Acting P. J.




We concur:




/s/ _____
RENNER, J.




/s/ _____
FEINBERG, J.

3